IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrone Raymond Johnson,

        Petitioner,

        v.

Warden Ed Sheldon,

        Respondent.

Case No. 20-cv-0724

ORDER

This is a *pro se* prisoner habeas corpus case under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") 28 U.S.C. § 2254. Petitioner Tyrone Raymond Johnson, an Ohio prisoner, challenges his convictions in the Lucas County, Ohio, Court of Common Pleas for two counts of aggravated murder, OHIO REV. CODE §§ 2903.01(B) and (F), one count of aggravated robbery OHIO REV. CODE § 2911.01(A)(1), and a firearm specification, OHIO REV. CODE § 2941.145, on each count. Petitioner has filed a traverse (Doc. 17) to Respondent's Return of Writ (Doc. 16).

I learned from the Clerk's Office early in April, 2024 about the pendency of this Petition. Given the delay since its filing and decisional date (Doc. 17, filed August 15, 2022), I have opted to prepare this Order, rather than refer it to a Magistrate Judge for a Report and Recommendation ("R&R").

Having reviewed the pleadings and the state-court record, I find that Petitioner's claims do not warrant habeas relief. Accordingly, I deny the writ. I also deny a certificate of appealability.

## I. Background

The Ohio court of appeals accurately summarized the trial court proceedings:

> This prosecution concerned the killings of a man and woman who were shot to death in a Pontiac Bonneville automobile on September 19, 2006, in Toledo, Ohio.

On the day of the murders, Toledo police learned that a witness saw two men exit the vehicle after the shootings. One of the men fell, dropped a firearm, and retrieved it as he exited the vehicle. They both ran. Nine days after the shootings, the Toledo Police completed their investigation of the vehicle and released it. Johnson was indicted for the killings after release of the vehicle, on November 17, 2006.

In the trial court, Johnson claimed that the automobile was a critical piece of evidence, that scientific testing of the automobile to identify the location of the shooter was not performed by Toledo Police, and that failure to preserve the automobile as evidence violated his right to due process of law. On May 4, 2007, appellant moved to dismiss or, alternatively, for the trial court to impose other sanctions due to the state's failure to preserve evidence. The trial court denied the motion on May 18, 2007, after a hearing.

The case proceeded to trial. On May 25, 2007, a jury found Johnson guilty of all three counts of the indictment.

*State v. Johnson*, No. L-07-1103, L-08-1230, 2009 WL 50127, at * 1 (Ohio Ct. App. Jan. 9, 2009) (unpublished).

The trial court record provides additional details. (*See Johnson v. Kearns*, N.D. Ohio Case No. 10-0310, Doc. 8-3, PgID. 598–1859 (transcript of trial court record from *State of Ohio v. Tyrone Johnson*)). On the evening of September 19, 2006, victims Tammy Cappelletty and Juan Ybarra, who were seated in the two front seats of a car, were shot to death. Latrell Brown, who was in the backseat when the shootings occurred, testified that Petitioner was also in the car. Brown testified that the victims had cocaine that they planned to sell to Petitioner. Brown testified that Petitioner, while holding his money to purchase the cocaine, shot both victims.

After his conviction, Petitioner filed a petition for post-conviction relief in the trial court. *See Johnson v. Kearns*, No. 10-cv-0310, 2011 WL 3288396, at *1 (N.D. Ohio July

2

12, 2011) (describing post-conviction petition). He based his petition on four grounds, all of which the trial court denied:

> 1. Ineffective assist[ance of] counsel: When Detective Rick Molnar testified [that the] defense lawyer could have admitted interrogation tape. [*sic*]
>
> 2. Improprieties in closing arguments can themselves violate due process, prosecutor theorized a robbery and financial motive in falsehood: 2001 Bonneville crime scene, when exculpatory evidence is withheld by prosecution attention focuses on its effect on defendants right to due process and prosecutions intentions are irrelevant. [*sic*]
>
> 3. Compulsory process by granting defendant evidence that[']s] favorable to defendant, which was handwriting examples, crime scene inspection. Having a full complete process: prejudice to defendant's right to a fair trial is even more palpable when prosecutor has not only withheld exculpatory evidence but has knowingly introduced and argued false evidence. [*sic*]
>
> 4. Identification, Juan Hernandez which is allegedly to fully expose possible improprieties of identification testimony in presence of a jury which is best suited to determine trustworthiness of testimonial evidence: When detective Rick Molnar brought a picture to Juan Hernandez to Meijer parking violated a line up and due process procedure. [*sic*]

*Id*. at *2.

Then, Petitioner filed two appeals, which the Ohio court of appeals consolidated. *State v. Johnson*, *supra*, 2009 WL 50127 at *1. First, he asserted three assignments of error:

> 1. The defendant's due process rights were violated when the state failed to preserve exculpatory evidence.
>
> 2. The state's failure to preserve evidence was bad faith.
>
> 3. The trial court erred by denying defendant's motion for sanctions for the state's failure to preserve evidence.

*Id.* at * 1.

3

Second, Petitioner appealed the trial court's denial of his petition for post-conviction relief under OHIO REV. CODE § 2953.21. *Id*. He asserted three assignments of error in his post-conviction relief appeal:

1. Prosecutor withheld exculpatory evidence and introduced false evidence.

2. Trial court erred in granting summary judgment.

3. Trial court erred when judge did not rule on all the claim[s].

*Id*. at *4.

On January 9, 2009, the Ohio court of appeals affirmed Petitioner's conviction and sentence and affirmed the trial court's denial of post-conviction relief. *Id*. at *4, *7.

Petitioner appealed to the Ohio Supreme Court on two grounds:

1. Evid R 403, Relevant evidence admissible, irrelevant inadmissible. [*sic*]

2. Civil Rule 56(D) Summary Judgment. [*sic*]

*See Johnson*, *supra*, 2011 WL 3288396, at *3.

On June 3, 2009, the Ohio Supreme Court, in its discretion, declined to accept Petitioner's appeal. *State v. Johnson*, 121 Ohio St. 3d 1502 (2009) (table decision).

While his consolidated appeal was pending, Petitioner filed, in the trial court, a *pro se* motion for a new trial under Ohio Crim. R. 33(A) and 52(B). *Id*. The trial court dismissed the motion due to lack of jurisdiction, because Petitioner had already filed a notice of appeal with the Ohio Supreme Court.

Johnson filed a timely application to re-open his appeal under Ohio App. R. 26(B) on the grounds that his trial and appellate counsel were ineffective. *Johnson*, *supra*, 2011 WL 3288396, at *3. Petitioner raised the following arguments:

4

> 1. *Miranda* violation must be reviewed to determine insufficient evidence claim and trial court abused discretion. [*sic*]
>
> 2. It was prosecutorial misconduct for state's plea agreement with Latrel Brown if testimony resulted in a conviction. [*sic*]
>
> 3. Johnson's conviction of aggravated murder & aggravated robbery was against the manifest weight of the evidence. [*sic*]

*Id*. (errors in original). The court of appeals rejected Petitioner's application. *Id*.

Petitioner appealed this rejection to the Ohio Supreme Court, asserting the following grounds:

> 1. Prosecution & Det. Rick Molnar committed perjury in violation R.C. 2921.11. [*sic*]
>
> 2. Det. Rick Molnar is guilty of using sham legal process R.C. 2921.52. [*sic*]

*Id*. (errors in original).

On September 9, 2009, the Ohio Supreme Court, in its discretion, declined to hear the appeal. *State v. Johnson*, 123 Ohio St. 3d 1410 (2009) (table decision).

After this, Petitioner filed his first *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Johnson, supra*, 2011 WL 3288396, at *1. In his federal petition, Petitioner raised eighteen grounds for relief:

> 1. The defendant's due process rights were violated when the state failed to preserve exculpatory evidence.
>
> 2. The state's failure to preserve evidence was bad faith.
>
> 3. Trial court erred by denying defendant's motion for sanctions, for the state's failure to preserve evidence.
>
> 4. Ineffective trial counsel assistance.
>
> 5. The way *voir dire* was conducted was abuse of discretion.
>
> 6. Latrel Brown testimony was false and an invitation to commit perjury.

5

7. Jaun Hernandez testimony was prejudicial.

8. Latrel Brown's testimony was perjury.

9. Exculpatory statements—evidence w[as] withheld.

10. Handwriting exemplar is physical evidence Johnson is right handed.

11. *State v. Colon* application.

12. Trial court abused discretion when they granted summary judgment.

13. Detective Rick Molner testimony was perjury.

14. 26(B) Ineffective trial counsel assistance.

15. 26(B) Ineffective appellate counsel assistance.

16. State's plea agreement was a contingent and amounted to prosecutorial misconduct.

17. Manifest weight of evidence-conflicting witness testimony.

18. Trial court judge abused discretion.

*Id.* (errors in original).

Magistrate Judge Kenneth S. McHargh issued a Report and Recommendation ("R&R"), recommending that the petition be denied as a whole. *See id*. The R&R recommended denying Petitioner's eighteen claims because they were procedurally defaulted, not properly exhausted, barred by *res judicata*, improper grounds for federal habeas relief, or as to the remaining claims, because Petitioner had not established that the state court decision he challenged was an objectively unreasonable application of clearly established federal law. *Id.* at *21–22.

On July 29, 2011, District Judge Solomon Oliver, Jr. adopted the R&R and dismissed the habeas petition. *Johnson v. Kerns*, No. 10-0310, 2011 WL 3290170 (N.D. Ohio July 29, 2011).

Petitioner appealed to the Sixth Circuit Court of Appeals, which denied his appeal on March 29, 2012. (*See Johnson v. Kerns*, Sixth Cir. Case No. 11-3867, Doc. 26 (Mar. 29, 2012)).

Petitioner filed a motion to reconsider, which the Sixth Circuit also denied. (*See id*., Doc. 41-1 (Jun. 13, 2012)).

On October 1, 2012, the United States Supreme Court denied Petitioner's petition for a writ of certiorari.[1] (*See id*., Doc. 45 (docketed on Oct. 2, 2012); *see Johnson, v. Kearns*, United States Supreme Court Case No. 11-10966 (Oct. 1, 2012)).

After this, Petitioner filed a *pro se* motion in the Sixth Circuit Court of Appeals under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application under 28 U.S.C. § 2254. (*In re: Tyrone Johnson*, Sixth Cir. Case No. 12-4247, Doc. 1-1 (Oct. 23, 2012)). He sought to have the district court grant him an evidentiary hearing as to four of the claims raised in his original § 2254 petition. (*Id*., Doc. 1-1 (May 9, 2013)).

On May 9, 2013, the Sixth Circuit held that Petitioner did not satisfy the statutory criteria for filing a second or successive habeas petition and denied him relief. (*Id*.)

On May 27, 2016, Petitioner filed, in the Lucas County Court of Common Pleas, a *pro se* motion "For Resentence for Plain Error on a Merger Issue." (*See* Doc. 16-1, PgID. 294). The trial court denied his motion on July 13, 2016. (*Id*.)

---

[1] During Petitioner's appeals of his habeas denial, Petitioner filed a motion for leave to file a videotape of his statement to support his claim that his constitutional rights were violated during his interrogation, which the district court denied as moot. (*See* N.D. Ohio Case No. 10-0031, Minute Entry, *Order (non-document) denying as moot Petitioner's request in light of this Court's Judgment Entry*, Dated Sept. 12, 2012)).

Petitioner appealed this Order. The Sixth Circuit dismissed the appeal on the basis that the United States Supreme Court, On October 1, 2012, had already denied certiorari in the habeas corpus action, which stripped the Court of Appeals from its ability to decide whether to grant Petitioner relief from the order denying the motion for leave to file the videotape. (*See Johnson v. Kearns*, Sixth Cir. Case No. 12-4148 (Jan 9, 2013)).

Petitioner successfully appealed that order. *State of Ohio v. Johnson*, No. L-16-1170, 2016 WL 7493604 (Ct. App. Ohio Dec. 30, 2016). The Ohio court of appeals stated:

> At appellant's sentencing hearing, he was sentenced to two consecutive terms of life imprisonment with parole eligibility after 20 years on the aggravated murder counts. The trial court properly found and counsel agreed that the aggravated robbery count merged with the two aggravated murder counts because aggravated robbery was an element of the aggravated murder counts. However, appellant was then sentenced to 10 years in prison on the aggravated robbery count, "[t]hat will run concurrent with the 2 consecutive counts of life imprisonment."
>
> Since the trial court found aggravated robbery was an element of and should merge into the aggravated murder counts, the two offenses are allied offenses of similar import. However, by imposing a concurrent sentence for the aggravated robbery count, the trial court did not merge the aggravated robbery count with the aggravated murder counts. Rather, multiple sentences were imposed; R.C. 2941.25 prohibits this. Therefore, appellant's sentence is void and a resentencing hearing must be held.
>
> On the authority of *State v. Williams*, Slip Opinion No. 2016–Ohio–7658, appellant's sole assignment of error is well-taken.
>
> On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed, appellant's sentence is vacated, and this cause is remanded for the trial court to resentence appellant according to law.

*Id*. at 6–7.[2]

While Petitioner awaited resentencing, he filed a *pro se* petition for writ of habeas corpus. (*See Johnson v. Erdos*, N.D. Ohio Case No. 18-0307). Judge Oliver transferred the case to the Sixth Circuit as a second or successive habeas petition. (*Id*., at Doc. 5). The Sixth Circuit denied

---

[2] Following this victory, Petitioner filed approximately a dozen additional motions for relief in the Lucas County Court of Common Pleas. (See Doc. 16-1, PgID. 296–300). On February 26, 2020, the trial court denied all the motions. (See Doc. 16-1, PgID. 210–214). Petitioner appealed those orders. (Doc. 16-1, PgID. 215). On October 30, 2020, the Ohio court of appeals denied his appeal. (Doc. 16-1, PgID. 253–257). Petitioner appealed that decision to the Ohio Supreme Court (Doc. 16-1, PgID. 258), which, On February 2, 2021, declined to accept jurisdiction over his appeal. (Doc. 16-1, PgID. 269).

the petition, finding that the Petitioner already raised two of the three claims (perjury and prosecutorial misconduct) in his 2010 habeas petition. *In re: Tyrone R. Johnson*, Sixth Cir. Case No. 18-3047, Doc. 10 (Jun. 8, 2018). The Sixth Circuit denied the third claim (that the prosecution withheld a 2006 interrogation video for more than nine years) on the basis that Petitioner could have known the facts underlying the claim, or the facts were knowable, at the time of his 2010 petition. *Id*.

The trial court resentenced Petitioner on November 16, 2018. (Doc. 16-1, PgID. 300). The court imposed the following sentence, in relevant part:

> It is ORDERED that defendant serve a term of 20 years to life as to count 1, 20 years to life as to count 2 in prison. Count 3, Aggravated Robbery with firearm specification merges with count 2 as an allied offense of similar import. An additional term is imposed as a mandatory and consecutive term pursuant to R.C. 2929.14(C)(1)(a) of 3 years. The firearm specifications merge to a single firearm specification. […] Count 1 and count 2 are ordered to be served consecutively to each other. Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentences are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further finds the harm caused was great or unusual such that no single prison term is adequate, therefore, the sentences are ordered to be served consecutively.

*Id*.

Petitioner appealed his resentencing, raising one assignment of error:

> The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to consecutive terms of twenty years to life plus an additional consecutive term of three years for a firearm specification in the Ohio Department of Rehabilitation and Corrections on two counts of aggravated murder.

*State v. Johnson*, No. L-18-1265, 2019 WL 6358091, at *2 (Ohio Ct. App. Nov. 27, 2019).

Petitioner argued that, "the trial court failed to comply with the directives of R.C. 2929.11 [and]

9

2929.12 […] by not ordering concurrent sentences" because the court "failed to consider any mitigating factors in ordering two consecutive potential life sentences […]." *Id*.

The Ohio court of appeals explained that it could not, by law, review Petitioner's resentence. It stated:

> An appellate court only has "such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." (Emphasis added.) Article IV, Section 3(B)(2), Ohio Constitution. By enacting R.C. 2953.08(D)(3), the legislature removed our authority to review sentences imposed for aggravated murder and murder. Thus, we cannot review Johnson's sole argument that "the trial court failed to comply with the directives of R.C. 2929.11 [and] 2929.12 * * *" when sentencing him. *State v. Weaver*, 2017-Ohio-4374, 93 N.E.3d 178, ¶ 17-20 (5th Dist.). Johnson's assignment of error is not well-taken.

*Id*. (emphasis in original).

Petitioner filed a *pro se* appeal of his amended sentence and judgment to the Ohio Supreme Court. He cited the following propositions:

> 1. The trial court did impose a sentence contrary to law by failing to comply with R.C. 2929.11(B);
>
> 2. The trial court did impose a sentence contrary to law by failing to comply with R.C. 2929.12(C)(4); and
>
> 3. The court of appeals violated Appellant['s] due process Article 1, section 16 and Equal Protection Article 1, section 2 of the Ohio Constitution as well as due process and equal protection of the 14th Amendment of the United States Constitution.

(Doc. 16-1, PgID. 182–189 (errors in original)).

The Ohio Supreme Court declined to accept Petitioner's appeal of his judgment. *See State v. Johnson*, 158 Ohio St. 3d 1412 (2020) (table decision).

Petitioner filed a *pro se* motion in the Ohio court of appeals to reopen his appeal, which, on February 19, 2020, the court of appeals denied. (*See* Doc. 16-1, PgID. 208–209).

10

On March 20, 2020, Petitioner filed a petition for writ of habeas corpus, which is the subject of this Order. (*See* Doc. 1). Petitioner originally filed his case in the Southern District of Ohio, which transferred it to this district. (Doc. 6).

On August 19, 2020, believing that the Petition was a second or successive petition for writ, I transferred the petition to the Sixth Circuit, for authorization to proceed as required under 28 U.S.C. § 2244(b)(3). (Doc. 7; *and see In re: Tyrone Johnson*, Sixth Cir. Case No. 20-3891).

Johnson filed a form identifying two claims in Sixth Cir Case No. 20-3801. They were:

1. RC 2929.11 & RC 2929.12—Disparity in Sentencing

    Supporting Facts: Bill of particulars stated Latrel Brown was caught with the actual murder weapon and committed the crimes and was given a plea agreement without Grand Jury findings etc.

2. Blank

    Supporting Facts: Disparity or Proportionality was analyzed in either sentencing in May 2007 or November 2018.

(*In re: Tyrone Johnson*, Sixth Cir. Case No. 20-3891, Doc. 5-1, PgID. 5–6 (errors in original)).

The Sixth Circuit ordered to transfer the case back to me. (*See In re: Tyrone Johnson*, Sixth Cir. Case No. 20-3891, Doc. 10). It found that, under *Magwood v. Patterson*, 561 U.S. 320, 342 (2010), Petitioner's re-sentencing and new judgment in 2018 reopened his opportunity to challenge "any aspect of that judgment, whether related to the conviction, sentence, or both." (Doc. 8, PgID. 5). Therefore, Petitioner's Petition is not second or successive.[3]

---

[3] As further discussed below, the Sixth Circuit holds that, even if the court allows a second or successive petition, "other procedural obstacles that limit habeas relief" such as "procedural default and exhaustion requirements" remain. *In re Michael Stansell*, 828 F.3d 412, 419 (6th Cir. 2016). Where, as here, these obstacles ultimately bar the Petitioner's petition, the Supreme Court instructs that "[i]t will not take a court long to dispose of [those] claims where [it] has already analyzed the legal issues" in an earlier decision. *Magwood*, *supra*, 561 U.S. at 340 n. 15.

11

Accordingly, I issued an Order for the respondent to show cause why the petition should not be granted. (Doc. 10). Both parties submitted briefing. (*See* Docs. 16, 17).

Meanwhile, on July 13, 2021, Petitioner filed a motion directly in the Sixth Circuit Court of Appeals seeking to file a second or successive habeas petition containing seven claims. (*See In re Tyrone Raymond Johnson*, Sixth Cir. Case No. 21-3634 Doc. 1.)

A month later, he filed a corrected second successive motion in the Sixth Circuit. (*Id*. at Doc. 4). In his motion, he raised thirteen proposed claims. (*See id*.). They are:

1. The motion for resentence failed to identify aggravated robbery which is predicate offense the enhances the charge of aggravated murder, this issue was crucial to the sentencing and conviction.

2. I motioned the court for civil rule 60(B) with addendum in regards that the court failed to render equal protections guaranteed by the 14th amendment of the United States Constitution as well as due process. The court ruled that every motion was a untimely and unexcused post conviction petition when the failed to convey Johnson back to court after a reverse and remand order from the Sixth Appellate district for Lucas County December 30, 2016. On November 18, 2018 almost two years later the trial court refused to hear any motion that was before the court two years prior and violated the rights of a new sentencing de novo hearing.

3. Motioned the court for Grand jury minutes, because of Criminal rule 6 violations The indictment in this matter failed to identify any conduct etc, the original charging instrument was a criminal compolaint, [*sic*] On November 8, 2006, Johnson was arraigned by criminal complaint that stated witnesses seen Johnson kill Tammy Cappelletty, On November 8, 2006 a court scheduled a preliminary hearing that was set for November 16, 2006 on this date prosecutor asked for a continuance to contact detective Rick Molnar #1740 of the Toledo Police Department, because this detective did not show.

4. Motion to Dismiss the Indictment was based on factors that no words described the offense etc.

5. Motion for New Trial in violation of R.C. 2945.11 and criminal rule 30.

6. Motion for new trial pursuant to R.C. 2313.17

7. Motion for Judicial Bias

8. Motion to dismiss for violations of chapter 2931 Jurisdiction and R.C 2941.33.

9. Jury Verdict of Guilty of Aggravated Murder is contrary to law

10. Motion to consider disparity and proportionality issues.

11. Appointed appellate counsel lacked credentials as defined by Supreme Court.

12. Motion to correct illegal sentence

13. Motion for conveyance and availability

(*Id*. at Doc. 4-2, PgID. 5–12 (errors in original)).

On January 31, 2022, the Sixth Circuit addressed Petitioner's motion, stating:

> As a threshold matter, however, a § 2254 petition filed while the first is still pending before the district court is not second or successive and should be construed as a motion to amend under Federal Rule of Civil Procedure 15. *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2018); *United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014); *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). Therefore, Johnson's present motion is best characterized as a motion to amend his pending § 2254 petition and is not properly before us.

*Id*. at Doc. 7-2. The Sixth Circuit transferred the matter to me.

Petitioner did not file a motion to amend, or otherwise request leave to amend, his habeas corpus petition that was already pending before me. Moreover, his traverse, which he filed on August 15, 2022—after the Sixth Circuit indicated that a motion to amend was not properly before it—addresses ten topics, some of which overlap with the original two claims and some of which overlap with the thirteen claims raised in the Sixth Circuit, as I discuss below.

As further discussed below, procedural default and failure to exhaust bar my consideration.

## II. Legal Standard

The AEDPA limits the authority of a federal district court to grant habeas relief on a claim that the state court adjudicated on the merits. *See* § 2254(d). A § 2254(d) petition may only be

13

granted if the state court adjudication was "contrary to" or resulted in an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

The standard's focus "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of [the state court's] decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Analysis

#### A. Procedural Default

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id*.; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).[4]

Ohio precludes a petitioner from raising claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Williams v. Anderson*, 460 F.3d 789, 799–800 (6th Cir. 2006). Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner

---

[4] Litigants, and sometimes even courts, confuse this second type of procedural default with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, *supra*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*.

15

must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

On habeas review, a federal court may excuse a procedural default upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, *supra*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. A petitioner cannot satisfy the actual prejudice requirement where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995). A petitioner must demonstrate prejudice by showing "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a district court may excuse a petitioner's procedural default where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman supra*, 501 U.S. at 749–50. Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *See Jones v. Bradshaw*, 489 F. Supp. 2d 786, 807 (N.D. Ohio 2007).

As I discussed above, Petitioner raised the following three claims in his first direct appeal:

16

1. The defendant's due process rights were violated when the state failed to preserve exculpatory evidence;

2. The state's failure to preserve evidence was bad faith; and

3. The trial court erred by denying defendant's motion for sanctions for the state's failure to preserve evidence.

*State v. Johnson*, *supra*, 2009 WL 50127, at *1.

Additionally, Petitioner unsuccessfully appealed his sentence following resentencing to both the Ohio court of appeals and supreme court. *See State v. Johnson*, *supra*, 2019 WL 6358091. He raised only one assignment of error in the court of appeals, discussed above:

> The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to consecutive terms of twenty years to life plus an additional consecutive term of three years for a firearm specification in the Ohio Department of Rehabilitation and Corrections on two counts of aggravated murder.

*Id.*, at *2. In the Ohio Supreme Court, he raised three issues, some of which overlap with the issues he presented in the court of appeals:

1. The trial court did impose a sentence contrary to law by failing to comply with R.C. 2929.11(B);

2. The trial court did impose a sentence contrary to law by failing to comply with R.C. 2929.12(C)(4); and

3. The court of appeals violated Appellant['s] due process Article 1, section 16 and Equal Protection Article 1, section 2 of the Ohio Constitution as well as due process and equal protection of the 14th Amendment of the United States Constitution.

(Doc. 16-1, PgID. 182–189). As discussed above, the Ohio Supreme Court declined to hear the case.

Petitioner failed to raise these claims (in both his two-claim habeas petition as well as his thirteen-claim proposed habeas amendment) in his direct appeal and/or, he could have raised them in his direct appeal, but he did not.

17

The Supreme Court noted in *Magwood supra*, 561 U.S. 320 "procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive or not." The Supreme Court dismissed, as "greatly exaggerated" the *Magwood* dissent's concern that petitioners could "bring abusive claims" so long as a new judgment intervening between their multiple habeas petitions. Though this is Petitioner's first application challenging his re-sentencing, the errors he alleges are not new. *See id*. at 399.

Here, Petitioner's long and persistent record of filing appeals, motions for reconsideration, and petitions for writ regarding the same subject matter that he presents here speak for themselves. Petitioner raised or could have raised all of these claims, in his multiple appeals, motions for post-conviction relief, and first petition for writ.

Petitioner failed to show "cause" or actual prejudice" for failing to raise these issues in his appeal. Procedural default bars his claims.

Even if I overlooked the procedural default, I would deny Petitioner's claims on their merits. For the same reasons that Judge Oliver already explained in detail when faced with identical arguments, Petitioner has not made the requisite showing that the state court adjudication of his claims was "contrary to" or resulted in an "unreasonable application of clearly established Federal law." § 2254(d)(1). *See Johnson, supra,* 2011 WL 3290170. Accordingly, I deny the petition for habeas corpus.

### B. Motion to Object to the Magistrate Order

On March 25, 2024, Petitioner filed a motion to object to the magistrate order and requested that I hold an evidentiary hearing. (Doc. 19, PgID. 712). Since I have denied Petitioner's petition

18

for writ, I deny this motion as moot. Even so, there is no Magistrate Judge R&R for Petitioner to object to since I have opted to prepare this Order myself.

### C. Certificate of Appealability

Under 28 U.S.C. § 2253, "a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). An unsuccessful habeas petitioner "must first seek and obtain a [certificate of appealability] from a circuit justice or judge," as a jurisdictional prerequisite.

Federal law authorizes me to issue a certificate of appealability only if the Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

I have carefully reviewed the record in this case, including the original pleadings, trial record, and extensive appellate and post-conviction record. I find that Petitioner fails to meet the requirement that he show that he was denied a constitutional right. I therefore deny Petitioner a certificate of appealability.

## Conclusion

It is, therefore, ORDERED THAT:

Petitioner's Petition for a writ of habeas corpus be, and hereby is, denied and the case is dismissed.

Petitioner's motion to object to the Magistrate Order (Doc. 19) be, and hereby is, denied as moot.

I certify that there is no basis on which to issue a certificate of appealability.

SO ORDERED.

*/s/James G. Carr*
Sr. U.S. District Judge